UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE STATE OF MISSISSIPPI, EX REL.
JIM HOOD, ATTORNEY GENERAL, AND
STACEY E. PICKERING, STATE AUDITOR                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:18-CV-315-DPJ-FKB

TRAVELERS CASUALTY AND SURETY
COMPANY OF AMERICA                                              DEFENDANT

ORDER

Plaintiff State of Mississippi seeks remand to the Chancery Court for the First Judicial District of Hinds County, Mississippi. For the following reasons, the State's Motion to Remand [6] is granted, but the Court denies an award of costs and attorneys' fees.

I.   Background

The State contends that former Oktibbeha County Chancery Clerk Monica Banks unfaithfully performed the duties of her office, so it seeks to collect on two surety bonds Banks obtained from Defendant Travelers Casualty and Surety Company ("Travelers"). *See* Am. Compl. [1-1] at 9. Travelers removed the case based on diversity jurisdiction, asserting that Oktibbeha County is the real party in interest, whereas the State is merely a nominal party. *See* Notice of Removal [1] at 3. Whether the State is in fact a real party in interest is the salient jurisdictional issue.

II.  The State's Motion to Remand

    A.   Standard

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

1

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Thus, "statutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction."  *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984).  The burden of establishing jurisdiction rests with the party seeking to invoke the federal venue.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Here, Travelers removed the case under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant" to federal district court.  Travelers based its Notice of Removal on 28 U.S.C. § 1332(a)(1), allowing original jurisdiction over civil actions between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000."  The parties do not contest the amount-in-controversy requirement, thus the sole question is whether complete diversity of citizenship exists.

      B.      Analysis

Whether Travelers properly removed this case turns on whether the State is a real party in interest.  "Ordinarily, in an action where a state is a party, there can be no federal jurisdiction on the basis of diversity of citizenship because a state is not a citizen for purposes of diversity jurisdiction."  *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006) (citation omitted); *see also Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) (noting in dicta that "a State's presence as a party will destroy complete diversity").  And that principle holds true even when other real parties in interest exist or have joined in the suit.  *See Union Oil Co. of Cal.*, 458 F.3d at 366 (finding no diversity jurisdiction where state of Louisiana and local school board were real parties); *see also Hood v. AstraZeneca Pharm., LP*, 744 F. Supp. 2d 590, 597 (N.D. Miss. 2010) (holding that "even if Employees Plan [on whose behalf

the state sued] is also a real party to this controversy, the Court nonetheless lacks subject matter jurisdiction over the lawsuit under Section 1332 because complete diversity is destroyed by the presence of the State of Mississippi").

The rule does have one caveat. "[I]f the State is a nominal party with no real interest in the dispute, its citizenship may be disregarded." *Union Oil Co. of Cal.*, 458 F.3d at 366. Whether the State is a nominal party depends on a review of "the claims in the state court complaint." *Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 266 (5th Cir. 2016) (citation omitted).

> The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery. Conversely, a party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it. A federal court sitting in diversity must look to state law to determine which party holds the substantive right.

*Farrell Constr. Co. v. Jefferson Par.*, 896 F.2d 136, 140 (5th Cir. 1990) (internal citations omitted).

Here, there is no dispute that the State is statutorily authorized to pursue the remedies it seeks. Under Mississippi law, the State brings any claims to collect upon an official bond on behalf of an injured county. Miss. Code Ann. § 25-1-17. Significantly, Travelers has not disputed the Attorney General's authority to file a suit on behalf of the State to seek these damages along with "punitive damages, his commission, penalties, litigation costs and attorney's fees." Pl.'s Mem. [8] at 3.

At most, Travelers maintains that "Oktibbeha County . . . suffered the *principal* loss and stands to potentially recover under the Bonds. The State is merely seeking, at most, consequential damages associated with prosecuting the Complaint. That is insufficient to make the State a real party in interest." Def.'s Mem. [11] at 7 (emphasis added). Yet Travelers fails to

cite any relevant authority suggesting that the State is a nominal party when seeking its own statutory remedies. Travelers has not met its burden, so the case will be remanded to the Chancery Court for the First Judicial District of Hinds County, Mississippi.[1]

III.    Costs and Attorneys' Fees

In addition to remand, the State seeks its costs, claiming that "Travelers had an objectively [un]reasonable basis for removal." Pl.'s Mem. [8] at 19. Generally, "[a]bsent unusual circumstances, courts *may* award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (internal citations omitted) (emphasis added). Here, Travelers never directly addressed the State's core argument that it is the real party in interest, at least as to civil penalties and other consequential damages. Nevertheless, the Court declines to exercise its discretion to award attorneys' fees and costs. Though the Court agrees with the State regarding Travelers' argument, it suffices to avoid sanctions.

IV.    Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed do not change the outcome. For the foregoing reasons, the State's Motion to Remand [6] is granted as to remand but denied as to an award of attorneys' fees and costs.

**SO ORDERED AND ADJUDGED** this the 31st day of August, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Travelers primarily relied on two cases to establish jurisdiction: *Hood ex rel Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78 (5th Cir. 2013) and *Thames v. State of Mississippi ex rel. Shoemaker*, 117 F.2d 949 (5th Cir. 1941). For the reasons stated in the State's Reply, neither case satisfies Travelers' burden.